**Thomas H. Tongue, OSB No. 68167**
E-Mail: tht@dunn-carney.com
**Elizabeth C. Knight, OSB No. 99245**
E-Mail: eck@dunn-carney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204
Telephone: (503) 224-6440
Facsimile: (503) 224-7324

Attorneys for Defendant

FILED'09 OCT 15 16:32 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **DANNER, INC.**, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>**FOLEY & LARDNER, LLP**, a partnership,<br><br>Defendant. | Case No. CV'09-1220-HU<br><br><br>NOTICE OF REMOVAL |

**TO:  THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON**

Pursuant to 28 U.S.C. §§ 1338(a), 1441(b), and 1446(a), Foley & Lardner, LLP ("Defendant"), removes this action from the Circuit Court of the State of Oregon, for the County of Multnomah, to the United States District Court for the District of Oregon in Portland, Oregon.

1.    On September 17, 2009, Plaintiff served Defendant with a Summons and Complaint captioned *Danner, Inc. v. Foley & Lardner, LLP*, Case No. 0909-12855, filed in the Circuit Court of the State of Oregon, County of Multnomah.  Copies of the Summons and Complaint are attached hereto as Exhibits A and B, respectively, and constitute all process, pleadings, and orders served on Defendant in that action up to the present date.  Also on September 17, 2009, Plaintiff served Defendant with a Summons and Complaint for an action filed in United States District Court for the District of Oregon in Portland, Oregon, Case No. CV09-1086-JE.

2. Plaintiff alleges legal negligence against Defendant, arising out of Defendant's prior representation of Plaintiff on a patent matter. *See* Exhibit B ¶¶ 5 & 11. Specifically, Plaintiff alleges that Defendant represented Plaintiff "in preparing, applying for and obtaining a United States patent, and related matters," and alleges that Defendant was negligent in: failing to advise Plaintiff regarding deadlines and legal bars for filing patent applications; failing to advise Plaintiff "in connection with the inventions, including failing to advise about any requirement or the desirability of timely or promptly filing an application for a United States patent"; failing to promptly file a provisional or a utility patent application; and failing to advise Plaintiff regarding consequences of delaying the filing of the patent application. Exhibit B ¶¶ 5 & 11.

3. Pursuant to 28 U.S.C. § 1441(b), a defendant may remove an action filed in the state court to the United States District Court if the district court has original jurisdiction over the action. This action is one over which the court has original jurisdiction under 28 U.S.C. § 1338(a), as arising under patent law, because:

(1) Plaintiff's negligence claim concerns the timing and manner of filing a United States patent application. *See* 35 U.S.C. § 111 *et seq* (governing patent applications). Interpreting federal patent law is an essential element of plaintiff's malpractice claim, and accordingly, this Court has jurisdiction over the dispute. *See Grable & Sons Metal Products, Inc., v. Darue Engineering & Manufacturing*, 545 U.S. 308, 315 (2005) (federal jurisdiction existed where interpreting a federal statute was an essential element of a state claim, the meaning of the statute was in dispute, and the question was an important issue of federal law); *see also, Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988) (a district court has federal-question jurisdiction over a patent law dispute where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims"). *See also, GroteApproach, Ltd. v. Reynolds*, 2005 WL 5852677, *1 (N.D. Tex. 2005)

(holding that a legal malpractice claim necessarily depended on resolution of substantial questions of federal patent law, where patentability and application deadlines were at issue).

(2) To prove its case, Plaintiff must show that, but for Defendant's negligence, it would have been awarded a valid and enforceable patent. As such, the prosecution of the application that would have resulted in a valid and enforceable patent will be at issue in this case, and this issue involves fundamental issues of federal patent law. *See Kaufman Malchman & Kirby, P.C. v. Hasbro, Inc.*, 897 F. Supp. 719, 721 (S.D.N.Y. 1995) ("A cause of action will arise under federal patent law when it involves the validity . . . of a patent").

(3) Plaintiff's claims are based in part on its abandonment of its patent infringement suit, which Plaintiff claims caused it to "forgo damages and other remedies to which Danner would have been entitled." Exhibit B ¶ 13. Proof that Plaintiff would have prevailed in its patent infringement action is necessary to show that Plaintiff would have been entitled to damages and other remedies but for Defendant's negligence; thus, an analysis and interpretation of patent law is necessary to Plaintiff's claim. Accordingly, this legal negligence action "presents a substantial question of patent law conferring § 1338 jurisdiction." *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.* 504 F.3d 1262, 1268 (Fed. Cir. 2007).

4. Removal is timely in that fewer than 30 days have elapsed since a copy of the Summons and Complaint was first provided to Defendant. 28 U.S.C. § 1446(b).

5. This notice is filed pursuant to Fed. R. Civ. P. 11.

6. Counsel for Defendant will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah and will give notice of the same to Plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant removes this action from the Circuit Court for the State of Oregon, for the County of Multnomah to the Portland Division of the United States District Court, for the District of Oregon.

Dated this 15th day of October, 2009.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

_____
**Thomas H. Tongue, OSB No. 68167**
**Elizabeth C. Knight, OSB No. 99245**
**Telephone: (503) 224-6440**
Attorneys for Defendant

9/17/09
- MJG -

IN THE CIRCUIT COURT OF THE STATE OF OREGON
For the County of Multnomah

DANNER, INC., a corporation,                )    CASE NO. 0909-12855
                                             )
                    Plaintiff,               )    SUMMONS
                                             )
        v.                                   )
                                             )
FOLEY & LARDNER, LLP, a partnership,         )
                                             )
                    Defendant.               )

To:    Foley & Lardner, LLP, c/o F&L Corp., 777 E. Wisconsin Avenue, Suite 3800,
       Milwaukie, WI 53202-5306, Defendant.

   You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.
   If you have any questions, you should see an attorney immediately. If you need help finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

/s/ Michael A. Greene
Signature of Attorney/Attorney for Plaintiff

Michael A. Greene, OSB No. 80244
ROSENTHAL & GREENE, P.C.
121 S.W. Salmon Street, Suite 1090
Portland, OR 97204
Telephone: (503) 228-3015

STATE OF OREGON, County of Multnomah: ss.
       I the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

                                                   /s/ Michael A. Greene
                                                   ATTORNEY OF RECORD FOR PLAINTIFF(S)

---

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(s) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

                                                   /s/ Michael A. Greene
                                                   ATTORNEY(S) FOR PLAINTIFF(S)

ROSENTHAL & GREENE, P.C.
Attorneys for Plaintiff
121 S.W. Salmon Street, Suite 1090
Portland, OR 97204
Telephone: (503) 228-3015

I HEREBY CERTIFY THAT THE FOREGOING IS A COMPLETE AND EXACT COPY OF THE ORIGINAL THEREOF

_Michael A. [signature]_
Attorneys for _Plaintiff_

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| DANNER, INC., a corporation, | ) |
| Plaintiff, | ) CASE NO: 0909-12855 |
| v. | ) COMPLAINT:<br>) LEGAL NEGLIGENCE |
| FOLEY & LARDNER, LLP, a partnership, | ) |
| Defendant. | ) |
| | ) *Claim Not Subject to Mandatory Arbitration* |
| | ) *Jury Trial Demanded* |

Plaintiff alleges as follows:

PARTIES

1.

Plaintiff Danner, Inc. ("Danner"), is a Wisconsin corporation with a principal place of business in Portland, Oregon. Danner is engaged in the business of designing, manufacturing and selling footwear.

2.

Defendant Foley & Lardner, LLP, is a limited liability partnership with its principal place of business located in Wisconsin. Defendant is engaged in the business of practicing law and providing legal services throughout the United States including clients in Oregon.

Page 1 – COMPLAINT

ROSENTHAL & GREENE, P.C.
121 S.W. Salmon Street, Suite 1090
PORTLAND, OR 97204
Telephone: (503)226-4015
FAX: (503)226-3269

## ATTORNEY-CLIENT RELATIONSHIP

3.

Luke E. Sims ("Sims") is an individual who is an attorney duly licensed to practice law. At all times relevant as outlined in this complaint, Sims was working for and on behalf of defendant Foley & Lardner, LLP, acting within the course and scope of his responsibilities.

4.

Mark A. Kassel ("Kassel") is an individual who is an attorney licensed to practice law. He holds himself out as an attorney who concentrates his practice in and is a specialist in intellectual property law, including patent law. At all times relevant as outlined in this complaint, Kassel was an employee of defendant Foley & Lardner, LLP, acting within the course and scope of his employment responsibilities.

5.

From at least September 1999 through at least May 2003, defendant, Sims and Kassel represented Danner in preparing, applying for and obtaining a United States patent, and related matters.

6.

From at least September 1999 through at least May 2003, Danner and defendant, Sims and Kassel had an attorney-client relationship.

## BACKGROUND FACTS

7.

From at least September 1999 until at least May 2003, Danner hired defendant to provide advice regarding obtaining patent protection for the invention of a new footwear design ("the invention").

Page 2 – COMPLAINT

ROSENTHAL & GREENE, P.C.
121 S.W. Salmon Street, Suite 1090
PORTLAND, OR 97204
Telephone: (503)228-3015
FAX: (503)228-3269

8.

After obtaining information about the invention from Danner, through numerous contacts with Danner and its employees and agents in Oregon, defendant delayed more than a year before filing a patent application for the invention. A patent regarding the invention eventually was issued ("invention patent").

9.

Defendant delayed filing the patent application more than a year after Danner informed Sims that retailers had a favorable response to the new product embodying the invention.

10.

Danner filed suit to enforce the invention patent ("infringement suit"). During the infringement suit contentions were made that the invention patent was invalid. As a result of those contentions, Danner voluntarily terminated the infringement suit.

ALLEGATIONS OF NEGLIGENCE

11.

Defendant, Sims and Kassel did not meet the standard of care and were negligent in a variety of different ways, including but not limited to the following particulars:

A. In failing to adequately investigate or advise about potentially applicable deadlines and legal bar dates for filing a patent application for the invention.

B. In failing to advise Danner in connection with the invention, including failing to advise about any requirement or the desirability of timely or promptly filing an application for a United States patent.

C. In failing to docket a deadline and legal time bar dates for filing a patent application for the invention.

D. In failing to promptly and timely file either a provisional or a utility patent

Page 3 — COMPLAINT

ROSENTHAL & GREENE, P.C.
121 S.W. Salmon Street, Suite 1090
PORTLAND, OR 97204
Telephone: (503)226-3015
FAX: (503)226-0269

1  application for the invention.

2  E.  In unreasonably delaying before filing a patent application for the
3  invention.

4  F.  In failing to reasonably communicate with Danner to keep Danner
5  reasonably informed and explain the matter to the extent reasonably necessary to permit
6  Danner to make informed decisions about the patent application for the invention.

7  G.  In failing to advise Danner about any consequences of having delayed the
8  filing of the patent application.

12.

Danner first knew, or should have known, about the negligence of defendant, Simms and Kassel during the infringement suit.

CAUSATION

13.

Negligence in one or more of the particulars alleged above, was a substantial factor in causing Danner to: (1) expend legal fees and costs in connection with obtaining the invention patent that but for defendant's negligence Danner would have elected not to incur; (2) abandon the infringement suit to forego damages and other remedies to which Danner would have been entitled; (3) incur costs related to marking products with the patent number(s); (4) expend legal fees and costs in connection with attempts to enforce the invention patent; (5) and; incur other expenses and costs to try to mitigate any problem with the invention patent.

14.

But for the negligence in one or more of the particulars alleged above, Danner's patent would be an intellectual property asset of greater value at least in part because the invalidity contentions made in the infringement suit would not be available.

Page 4 – COMPLAINT

ROSENTHAL & GREENE, P.C.
121 S.W. Salmon Street, Suite 1090
PORTLAND, OR 97204
Telephone: (503)228-3015
FAX: (503)228-3269

## DAMAGES

15.

As a direct result of the negligence of defendant in one or more of the particulars alleged above, Danner suffered the following economic damages:

A. The attorney fees and costs spent by Danner regarding the invention patent in an amount not to exceed $300,000.00; and,

B. Various expenses and costs spent by Danner in modifying its products involving the invention patent in an amount not to exceed $100,000.00; and

C. The diminished value of Danner's invention patent and corresponding lost revenue to date in an amount not to exceed $1,750,000.00; and

D. Indemnification for future lost value, lost revenue and additional costs to be incurred by Danner related to the invention patent in any amount to be determined at trial; and

E. Prejudgment interest at the legal rate on all economic damages suffered by plaintiff from the date paid until the date recovered.

## PRAYER FOR RELIEF

WHEREFORE, Danner prays for judgment against defendant for the following economic damages:

1. All attorney fees and costs paid regarding the invention patent in an amount not to exceed $300,000.00; and,

2. All costs spent modifying products involving the invention patent in an amount not to exceed $300,000.00; and,

3. All diminished value and lost revenue related to the invention patent in an amount not to exceed $1,750,000.00; and,

4. Indemnification for future lost value, lost revenues and additional costs

Page 5 – COMPLAINT

ROSENTHAL & GREENE, P.C.
121 S.W. Salmon Street, Suite 1090
PORTLAND, OR 97204
Telephone: (503)228-3015
FAX: (503)228-3269

Exhibit B, Page 5 of 6
Notice of Removal

1 | related to the invention in an amount to be determined at trial; and,

2 | 5.  Prejudgment interest at the legal rate on all economic damages paid by
3 | plaintiff; and

4 | 6.  All costs and disbursements necessarily incurred in the bringing and pursuit
5 | of this action; and,

6 | 7.  Such other and further relief as to the court seems just, equitable and
7 | necessary under the circumstances.

8 | Dated this 11th day of September, 2009.

        ROSENTHAL & GREENE, P.C.

*/s/ Michael A. Greene*
Michael A. Greene
Oregon State Bar No. 80244
Of Attorneys for Plaintiff

Page 6 – COMPLAINT

ROSENTHAL & GREENE, P.C.
121 S.W. Salmon Street, Suite 1090
PORTLAND, OR 97204
Telephone: (503)228-3015
FAX: (503)228-3269