FILED'10 MAR 15 13:23USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DANNER, INC., a corporation, | ) | Civil No. 09-1220-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| FOLEY & LARDNER, LLP, | ) | |
| a partnership, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Michael A. Greene
Rosenthal & Greene, P.C.
121 SW Salmon Street, Suite 1090
Portland, OR 97204

Scott E. Davis
Klarquist Sparkman, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204

    Attorneys for Plaintiff

FINDINGS AND RECOMMENDATION - 1

Elizabeth C. Knight
Thomas H. Tongue
Dunn Carney Allen Higgins & Tongue, LLP
851 S.W. 6th Avenue, Suite 1500
Portland, OR 97204-1357

Attorneys for Defendant

JELDERKS, Magistrate Judge:

Plaintiff Danner, Inc. (Danner) filed this action in the Multnomah County Circuit

Court alleging that defendant Foley & Lardner, LLP (Foley) committed legal malpractice in

its representation of plaintiff in a patent matter.  Defendant Foley removed the action to this

court on the grounds that it arises under patent law, and that this court has exclusive subject

matter jurisdiction.  Plaintiff Danner contends that the action was improperly removed, and

moves to remand the action to state court.  The motion should be granted.


## BACKGROUND

Plaintiff Danner designs, manufactures, and sells footwear.  It is a Wisconsin

corporation, and it's  principal place of business is located in Portland, Oregon.

Defendant Foley is a law firm whose principal place of business is in Wisconsin.  It

provides legal services to clients throughout the United States, including Oregon.

From September, 1999, through May, 2003, plaintiff Danner hired defendant Foley to

provide advice regarding patent protection for a new footwear design.  Plaintiff alleges that,

after it provided defendant Foley with information about the new design, Foley delayed more

than a year before filing a patent application.  Plaintiff alleges that a patent concerning its

new design was eventually issued, and that it later dropped an infringement suit it had filed to

enforce that patent after "contentions were made that the invention patent was invalid."

FINDINGS AND RECOMMENDATION - 2

In the present action, plaintiff Danner brings a single state law claim for negligence. Plaintiff alleges that defendant Foley was negligent in: 1) failing to adequately investigate or advise about potentially applicable deadlines for filing a patent application; 2) failing to advise it about any requirement or the desirability of timely or promptly filing an application for a United States patent; 3) failing to "docket a deadline and legal time bar dates for filing a patent application" for the design; 4) failing to promptly or timely file a provisional or utility patent for the design; 5) unreasonably delaying before filing a patent application; 6) failing to reasonably communicate with plaintiff to keep it "reasonably informed" and to explain the matter in a way that was sufficient to allow plaintiff to make informed decisions about the patent application; and 7) failing to advise plaintiff about the consequences of having delayed in the filing of a patent application.

Plaintiff alleges that this negligence was a substantial factor in causing it to: expend legal fees and costs that it would not have otherwise incurred; abandon the infringement suit and forego recovery of damages to which it would have otherwise been entitled; incur costs related to marketing products with patent numbers; expend legal fees and costs in attempting to enforce the patent; and incur other expenses and costs in an attempt to mitigate any problem with the patent.

Plaintiff seeks recovery of the attorney fees and costs it incurred in obtaining the patent, expenses and costs it incurred in modifying its products that were subject to the patent, the diminished value of its patent and related loss of revenue, indemnification for future lost value, lost revenue and additional costs to be incurred related to the patent, and prejudgment interest on the economic damages it has suffered.

Plaintiff Danner brought this malpractice action against defendant Foster in state court on September 11, 2009, and defendant removed the action on October 15, 2009. Plaintiff

FINDINGS AND RECOMMENDATION - 3

also filed a parallel federal action in this court on September 14, 2009, asserting the same state-law negligence claim. It asserts that it filed this second action, Case No. 09-CV-1086-JE, "knowing that Defendant was likely to challenge the state court's jurisdiction over the subject matter of this case." Plaintiff adds that filing of the second action was necessary because defendant Foley would not enter into a tolling agreement that would have avoided any potential statute of limitations problems that might arise if the present action were dismissed for lack of jurisdiction by the state court in which it was initially filed.

## APPLICABLE JURISDICTIONAL PRINCIPLES

In analyzing motions to remand, federal courts begin with "a fundamental tenet of federal jurisdiction–the 'well-pleaded complaint' rule." Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1371 (9th Cir. 1987). This rule is a "powerful doctrine [that] severely limits the number of cases in which state-law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983). Under the "well pleaded complaint" doctrine, whether a case arises "under a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . ." Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)). Because federal jurisdiction depends only upon the plaintiff's claims, anticipated defenses to those claims are irrelevant. Arco Environmental Remediation, L.L.C. v. Department of Health and Environmental Quality, 213 F.3d 1108 (9th Cir. 2000).

If a claim arising under federal law is not evident from reference to the face of a plaintiff's "well-pleaded complaint," the court must next consider a corollary to the "well pleaded complaint" rule, the "artful pleading" doctrine. Id. at 1041. This doctrine provides that "[a]lthough the plaintiff is the master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." Hansen v. Blue Cross of California, 891 F.2d 1384, 1389 (9th Cir. 1989) (quoting Paige v. Henry J. Kaiser Co, 826 F.2d 857, 860 (9th Cir. 1987)). The "artful pleading" doctrine prevents a plaintiff from defeating removal to federal court by omitting from the complaint elements of federal law that are essential to a claim. Franchise Tax Board, 463 U.S. at 22.

The "artful pleading" doctrine applies, and allows a court to recharacterize a plaintiff's state-law claims as federal claims, in cases where federal law completely preempts state-law, and where a state law claim "implicate[s] a substantial federal question." Lippitt, 340 F.3d at 1042. A state law claim implicates a "substantial federal question" in two circumstances: 1) when a "substantial, disputed question of federal law is a *necessary* element of . . . the well-pleaded state claim" or the claim is an "inherently federal claim" that is set out in state-law terms; and 2) when the plaintiff's right to relief "depends on the resolution of a substantial, disputed federal question." Id. (citations omitted).

In actions such as this, federal jurisdiction is lacking "[i]f there is a theory upon which [the plaintiff] can prevail . . . that does not involve a substantial patent law question. . . ." Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P., 504 F.3d 1262, 1270 (Fed. Cir. 2007). The Supreme Court has observed that "the appearance on the complaint's face of an alternative, non-patent theory compels the conclusion that the . . . claim does not 'arise under' patent law." Christianson v. Colt Industries Operating Corp., 486

U.S. 800, 813 (1988). Accordingly, the Court has held that "a claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless patent law is essential to each of those theories." Id. at 810; see Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F3d 148, 153 (4th Cir. 1994) (federal jurisdiction lacking if claim is supported by theory establishing federal subject matter jurisdiction and alternative theory not establishing federal jurisdiction); AT&T v. Integrated Network Corp., 972 F.2d 1321, 1324 (Fed. Cir. 1992) (transferring action to state court on grounds that, under Christianson, actions involving patent issues "arise under" federal law only if "every theory of a claim as pled" depends on patent law).

## DISCUSSION

Defendant Foley removed this action pursuant to 28 U.S.C. §§ 1338(a), 1441(b), and 1446(a). Section 1338(a) provides that federal courts have jurisdiction over actions "arising under" federal law relating to patents. Section 1441(b) provides that, if a federal court has original jurisdiction because a claim arises under the Constitution or laws of the United States, an action may be removed without regard to the citizenship or residence of the parties. Section 1446(a) sets out the procedure for removing an action.

Two types of actions "arise under" federal law. In the first type, a plaintiff pleads a cause of action that is created by federal law. See, e.g., American Well Works v. Layne & Bowler Co., 241 U.S. 257, 260 (1916). In the second type, a plaintiff pleads a state-law claim that implicates significant issues of federal law. See Grable & Sons Metal Products, Inc. v. Darue Eng'g and Mfg., 545 U.S. 308, 312 (2005).[1] This second category includes only those

---

[1]The Supreme Court applies the same analysis in determining whether an action arises under 28 U.S.C. § 1338, the statute that applies to patent jurisdiction, and 28 U.S.C. § 1331,

state-law actions that "necessarily raise a stated federal issue, actually disputed and

substantial, which a federal forum may entertain without disturbing a  congressionally

approved balance of federal and state judicial responsibilities." Id. at 314.  An action does

not "arise under" federal law simply because litigation requires the application of federal law

to a state-law claim. Id. at 313.  Instead, "federal jurisdiction demands not only a contested

federal issue, but a substantial one." Id.

      Plaintiff here asserts a state-law legal malpractice claim that is based upon defendant

counsel's alleged mishandling of a patent application.  Federal patent law does not preempt

all claims related to patent matters.[2] See, e.g.,  Christianson, 486 U.S. 800; Integrated

Network, 972 F.2d 1321.  The question here therefore is not whether plaintiff's claim arises

from patent issues, which it  does, but whether its state-law malpractice claim necessarily

requires resolution of  "substantial issues" of disputed federal patent law.

      A fair reading of plaintiff's complaint supports the conclusion that plaintiff Danner's

claim does not "arise under" patent law in a jurisdictional sense, and that plaintiff could

recover on its common law legal malpractice claim without the need to resolve any

"substantial," disputed question of patent law.  As noted above, plaintiff Danner's allegations

of negligence include defendant Foley's alleged failure to adequately investigate and advise it

concerning the potentially applicable deadlines and bar dates for filing a patent application,

_____

the "general" federal question jurisdiction statute.  See  Holmes Group, Inc. v. Vornado Air
Circulation Systems, Inc., 535 U.S. 826, 829-30 (2002); Christianson, 486 U.S. at 808-09.

    [2]The Supreme Court has found that only three federal statutes, the Labor-Management
Relations Act, the Employee Retirement Income Security Act, and the National Bank Act,
completely preempt state law.  Sullivan v. American Airlines, Inc., 424 F.3d 267, 272 (2d Cir.
2005) (citing Avco Corp.v. Aero Lodge No. 735, 390 U.S. 557, 558-62 (1968); Metro Life Ins.
Co. v. Taylor, 481 U.S. 58, 65 (1987); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-11
(2003)).

failure to advise it about the desirability of timely filing a patent application, failure to docket

a deadline and legal time bar dates for filing a patent application, failure to promptly and

timely file a provisional or utility patent application, unreasonable delay in filing a patent

application, and failure to communicate with plaintiff to explain the matter to the extent

reasonably necessary to allow plaintiff to make informed decisions about the patent

application.  In addition, plaintiff alleges that these failures caused it to incur wasted legal

fees and costs, caused it to abandon an infringement suit, caused it to incur unnecessary costs

related to product marketing, caused it to expend unnecessary legal fees and costs in

connection with its attempts to enforce the patent, and caused it to incur other expenses and

costs attempting to mitigate problems associated with the patent.

Plaintiff here could establish its right to recover under at least some of these theories,

and therefore establish its state-law malpractice claim, without the need to resolve substantial

patent issues.  Plaintiff could establish defendant's negligence by showing that defendant

failed to carry out such basic duties of counsel as investigating and docketing deadlines for

filing a patent application and advising plaintiff how failure to meet applicable deadlines

could affect a patent.  It could further establish its right to recover by establishing that this

negligence caused it to incur filing fees and attorney fees that it would not have elected to

incur if defendant had advised it of those failures.  This inquiry would not require resolution

of questions of patent law, such as patent validity, enforceability, scope, or infringement.

The damages that plaintiff allegedly incurred in the attorney fees paid to defendant and the

filing fees paid in the application process, likewise would not implicate issues of patent

validity, scope, enforceability, or infringement.  Plaintiff could establish that it would have

stopped spending money on the application process if had been properly informed concerning

defendant's performance without reaching issues of patent validity.

FINDINGS AND RECOMMENDATION - 8

As noted above, if patent law is not "essential to each" of the alternative theories supporting a claim, federal jurisdiction does not attach pursuant to § 1338(a).  Christianson, 486 U.S. at 810.  Because plaintiff's malpractice claim here is supported by theories that do not depend on patent law or the resolution of patent issues, its claim does not "arise" under patent laws.

Plaintiff's malpractice claim also does not "arise" under patent law because, to the extent that litigation of the claim implicates patent issues, those issues are not "substantial," as that term is interpreted in analyzing the existence of federal jurisdiction.  Certainly, establishing that certain deadlines apply to patent applications will require reference to federal patent law.  However, the existence of federal deadlines does not present a substantial, disputable issue of federal law, and an attorney's failure to investigate or docket filing deadlines does not transform a state-law malpractice claim into an action "arising under" federal law.  See, e.g., Consolidated World Housewares, Inc. v. Finkle, 831 F.2d 261, 265 (Fed. Cir. 1987) (mere presence of patent issue does not itself create cause of action arising under patent laws); Integrated Network, 972 F.2d at 1325.  (Fed. Cir. 1992) (fact that court will "look to federal law . . . does not confer federal jurisdiction").  In addition, the decisions that a trier of fact will be required to make in the present action will be fact specific as to this action, and will not implicate important issues of federal law that will be of significance in other cases.  See Empire HealthChoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 700 (2006) (federal forum appropriate where action presents legal question significant to resolution of other cases).

In recommending that this action be remanded, I am well aware that "every legal malpractice action in which the attorney commits the alleged malpractice while handling a federal matter will raise a federal issue." Roof Technical Services, Inc. v. Hill---F.Supp.

2d---2010 WL 46005, slip op. at *4 (N.D. Tex., Jan. 6, 2010).  However, this does not mean that the action "arises under" federal law in a manner that will support federal jurisdiction. As the Hill court correctly observed, "extending federal jurisdiction to all such actions would . . . sweep an entire category of cases, traditionally the domain of state courts, into federal court." Id.  I agree with the Hill court's conclusion that this result would impermissibly "disrupt the balance" of federal and state judicial responsibilities.  Id. (citing Singh v. Duane Morris LLP, 538 F.3d 334, 338-40 (5th Cir. 2008)).

This court lacks federal jurisdiction under § 1338(a), and plaintiff's motion to remand should be granted.


## CONCLUSION

Plaintiff Danner's motion to remand (# 9) should be GRANTED.


## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due April 1, 2010.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 15th day of March, 2010.

_____
John Jelderks
U.S. Magistrate Judge


FINDINGS AND RECOMMENDATION - 10